## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2700 | **DATE** | 5/15/2008 |
| **CASE TITLE** | Gerald Cunningham (#B-39888) vs. Rod Blagojevich, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly violated the plaintiff's constitutional rights. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■  [**For further details see text below.**]                                        Docketing to mail notices.

---

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Governor of the State of Illinois, the Illinois Attorney General, the Director of the Illinois Department of Corrections, and the Director of the Illinois State Police, have violated the plaintiff's constitutional rights by failing to investigate or punish correctional employees who have allegedly committed crimes against the plaintiff.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.67 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the court finds that the complaint fails to state a claim as a matter of law.

The plaintiff maintains that because he has reported "corruption" and "high caliber crimes" [such as mail tampering, assaults on the plaintiff, and altering his medical records] to the state governor and to the Director of the Department of Corrections, those defendants have sent employees to attack the plaintiff and steal his documentary evidence. The plaintiff additionally complains that correctional officers are permitted to smoke, but not inmates. The Director of the Illinois State Police has allegedly ignored letters from the plaintiff requesting assistance. Staff members at the Pinckneyville Correctional Center have harassed the plaintiff and retaliated against him for seeking outside help. Like the police, the Attorney General has refused to take action against IDOC employees.

The plaintiff previously filed suit against Attorney General Lisa Madigan raising the same basic claims. *See Cunningham v. Madigan*, Case No. 06 C 4378 (N.D. Ill.). This court dismissed that complaint by Minute Order of September 6, 2006 (Gettleman, J.). Again, the Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Neither the Attorney General nor the Illinois state police can be held liable under 42 U.S.C. § 1983 for failing to investigate or bring charges relating to the plaintiff's claims of wrongdoing.

The complaint likewise fails to state a cause of action against defendant Blagojevich. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). The governor cannot be held personally liable for problems associated with the conditions of the plaintiff's confinement.

A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See , e.g.,Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). But here, the plaintiff's own exhibits defeat any claim against the IDOC's director, who has investigated the plaintiff's numerous grievances concerning alleged wrongdoing but has been unable to substantiate the plaintiff's allegations.

**(CONTINUED)**

**STATEMENT (continued)**

Finally, having reviewed the complaint and accompanying exhibits, the court concludes that the petition is legally and factually frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

For all of the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly personally and directly retaliated against the plaintiff or otherwise violated his constitutional rights. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."