UNITED STATES DISTRICT COURT
FOR THE __NORTHERN__ DISTRICT OF ILLINOIS

FILED
6-11-2008
JUN 11 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GERALD CUNNINGHAM,  )
                                 )
              PETITIONER   )
VS.                              )   NOTICE OF APPEAL
ROD R. BLAGOJEVICH,   )   CASE NO. _08 C 2700_
ROGER E. WALKER,       )
LARRY TRENT,                )
LISA MURRAY MADIGAN )
                                 ,)
              RESPONDENT

### NOTICE OF APPEAL

Notice is hereby given that __petitioner__, above named, appeals to the United States Court of Appeals for the __7th__ Circuit from the __United States District Court For the Northern District of Illinois.__

(attach extra page if necessary)
entered in this action on __May 15, 2008__.

Respectfully Submitted,
/s/ _Gerald Cunningham_

Subscribed and Sworn To Before Me
This __6th__ Day of __June__, 200__8__

_____
NOTARY   PUBLIC   SEAL

OFFICIAL SEAL
CHALENE A WHITLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/03/09

No. _____

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

FILED

JUN 1 1 2008 aew
6-11-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

GERALD CUNNINGHAM ,
               PETITIONER )
                          )
VS.                       )
ROD R. BLAGOJEVICH,       )
ROGER E. WALKER,          )
LARRY TRENT,              )
LISA MURRAY MADIGAN ,     )
               RESPONDENT )
                          )

Appeal from the United States District Court for the Northern of Illinois.

Case NO. 08C 2700

THE HONORABLE

Robert W. Gettleman

JUDGE, PRESIDING.

---

NOTICE OF FILING

TO : OFFICE OF CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

PLEASE TAKE NOTICE that on or before the __6__ day of __June__, 200_8_, I shall cause to be filed with the Clerk of the Court, UNITED STATES COURT OF APPEALS for the Seventh Circuit the attached documents requesting in this Certificate of Appeal, relief; And Restraining Order, a copy of which is hereby served upon you.

By: _Gerald Cunningham_, pro se.

CERTIFICATE OF SERVICE

I, _Gerald Cunningham_, being duly sworn afirm that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the __Pinckneyville__ Correctional Center on the __6__ day of __June__, 200_8_, first class postage prepaid. Under PENALTY OF PERJURY, THE FOREGOING IS TRUE AND CORRECT. Executed on __June 6__, 200_8_. 28 U.S.C. SECTION 1746.

STATE OF ILLINOIS
COUNTY OF PERRY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD CUNNINGHAM<br>Plaintiff,<br><br>VS.<br><br>ROD R. BLAGOJEVICH<br>ROGER E. WALKER<br>LARRY TRENT<br>LISA MURRAY MADIGAN<br>Defendants, | FILED<br>6-11-2008<br>JUN 1 1 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>Case No.: 08C 2700<br><br>Judge Robert Gettleman<br>Magistrate Judge Keys |

## CERTIFICATE
## NOTICE OF APPEAL

Now comes, Gerald Cunningham, the Plaintiff in the above case requesting to Appeal the decision of the Honorable Judge, Robert Gettleman dismissal. Under Rule 3.1., pursuant to 28 U.S.C. § 636(c)(1), the request for all proceedings and Due Process to continue and proceed for the following reasons; And declare under penalty of perjury that the following is true and correct to the best of my knowledge:

### STATEMENT

That the court, under the authority of Judge Robert W. Gettleman terminated the case immediately, dismissing the case without prejudice stating that the Plaintiff failed to state a claim. The Plaintiff knew that if he ended up receiving Judge Gettleman again, that the judge would use any reason to deny and dismiss the case and place the Plaintiff's life in danger again, as he done so in the "one" complaint he brought before the judge a few years ago, and the Plaintiff has been paying dearly every since! See Cunningham v. Madigan, Case No. 06-C 4378 (N.D. Ill.). This is why the Plaintiff request this complaint to be heard by the Honorable Judge, Marie Valdez, and not Judge Gettleman. This is an action of declaratory relief. defendants must protect inmates, and administer the full prosecutorial extant of the law against all staff/official whom violate the laws, State and Federal.

Page 1 of 7

STATEMENT (continued)

The Plaintiff stated what he believed was many claims of; "retaliation, equal protection and abuse of authority claims." To state a valid claim for retaliation under §1983 a prisoner must allege, (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retalitory adverse act, and (4) causation. See *Jones V. Greninger*, 188 F3d 322 (5th Cir. 1999). All four requirements has been met by the Plaintiff. Also, the Plaintiff did so, and believed that he did file in the correct court whom has full authority and power to try this case. "Venue" concerns only place where case may be tried, whereas "jurisdiction" has to do with authority or power of court to try case." The Northern district U.S. Federal court has the authority and power to try this case. "Right to a fair trial is basic requirement of due process and includes right of unbiased judge. See *Haupt V. Dillard*, 17 F3d 285 (9th Cir. 1994), *LIL Jerberg V. Health Serv. Corp*, 486 US 847, 100 LEd 2d 855, 108 SCt 2194 (1988). [Doesn't this also apply to a prison/inmate plaintiff?] The question Smoking Ban Illegally placed on residents of IDOC. Plaintiff explain all violations and now use cases won. See (II WL219906 CAL - 2007) & (Kentucky overturn smoking Ban, now IL.).

The court, Judge Gettleman, also dismissed this case because the Plaintiff filing suit in the U.S. District court for a Southern District of Illinois, against individuals employed at the Pinckneyville Correctional Center. May the Plaintiff point out to the court, that three of the defendant's are residents in the Chicago area, as well as due to the law, this court has the power to hear this case as shown in the above paragraph. The staff was mention and named because the Plaintiff's evidence declare that they were carrying out orders. "Lt. Bradley, Head of I.A. admitted to; and he, et al., so carried out the governors order." The evidence is clear that the governor did received all, and evidence is clear in and through forms, DOC 0296, money payment slip in the exhibits of the original complaint, and page (44) letter document

## STATEMENT (continued)

statement from Terri Anderson, Manager over the Office of Inmates Issues, gave the evidence to connect Gov. Rod R. Blagojevich to these constitutional violations against the plaintiff. "A local State government official may be held liable under §1983 for a decision made by an individual whose edicts or acts may fairly be said to represent official policy." See Lytle v. Doyle, 326 F3d 702 - (6th Cir. 2003). <u>Gov. Blagojevich, Dir. Walker, Dir. Trent and Gen. Madigan are responsible directly or indirectly.</u> "Omissions can violate civil rights, and under certain circumstances a state actor's failure to intervene renders him or her culpable under §1983". See Chavez v. Illinois State Police, 251 F3d 612 (7th Cir. 2001). "Conspiracy to violate another person's constitutional rights violates §1983. See Rowe v. City of Fort Lauderdale, 279 F3d 1271 (11th Cir. 2002).

The Constitution still this day holds the bedrock principle, that "no person is above the law". The court, Judge Gettleman so states that the Constitution does not require the Attorney General nor the Illinois state Police can be held liable, but case law so states that they can under §1983! Plus, the Constitution leaves no room for any, room for any seat of authority to be able to use prejudice, or react by making bias decisions to protect a peer, and or voter, but due to the Plaintiff not being a voter, and is convicted of a crime "he did not commit", each defendant demonstrate prejudice and bias decision to protect those whom has violated the Plaintiff's Constitutional rights, and turning a blind eye allowing crimes to be committed against the Plaintiff. These actions taken by the defendants, has caused retalitory actions

STATEMENT (continued)

of which continues this day after filing this complaint in this court. The defendants can not be granted immunity and allowed to abuse their authority against and upon prison inmates and are held liable! "The Attorney General and I.R.S. agents do not have absolute immunity." See *Cameron v. I.R.S.*, 773 F2d 126 (1985), And, *Mitchell v. Forsyth*, 472 US 511, 86 LEd2d 411, 105 SCt 2806 (1985). "Eleventh Amendment does not bar state law actions against state officials in their individual capacities." See *Hunt v. Bennett*, 17 F3d 1263 (10th Cir. 1994) And, *Hays County Guardian v. Supple*, 969 F2d 111 (5th Cir. 1992). "A deliberately indifferent police supervisor may be held liable for the constitutional violations of his subordinates." See *Camilo-Robles v. Hoyos*, 151 F3d 1 (1st Cir. 1998). "Qualified immunity protects all but the plainly incompetent and those who willingly violate the law." See *King v. Beavers*, 148 F3d 1037 (8th Cir. 1998). "Municipalities are not entitled to qualified immunity in civil rights actions. See *Stefanoff v. Hays County, Tex*, 154 F3d 523 (5th Cir. 1998). "A Plaintiff bringing a civil rights claim may be compensated for intangible, psychological injuries as well as financial, property, or physical harm." See *Ferrill v. Parker Group, INC*, 168 F3d 468 (11th Cir. 1999). "When a government agent acts in an unconstitutional manner he becomes liable for money damages." See *Bivens v. Six Unknown Agents*, 403 US 388, 29 LEd2d 619, 91 SCt 1999 (1970). "Bivens action is almost identical to action under section 1983, except that former is maintained against federal officials while latter is against state officials." See *Duffy v. Wolfe*, 123 F3d 1026 (8th Cir. 1997.) The defendants named can be held liable as filed.

The court, Judge Gettleman assumes that defendant, Dir. Roger

Case 1:08-cv-02700  Document 9  Filed 06/13/2008  Page 7 of 19

## STATEMENT (continued)

Walker has investigated the Plaintiff's numerous grievances alleged wrong doing of staff committing criminal acts," but has been unable to substantiate the plaintiff's allegations. Its again shows that the court, Judge Gettleman has chosen side and is being protective toward the government, and bias toward the Plaintiff. Only due process can prove whom is lying, or giving the truth, of which only a JURY should be allowed to judge, and will not be as prejudice as this court is now against the Plaintiff. Judge Gettleman refuse to chronology of events from which the Plaintiff's allegations of retaliation may be inferred, and that these acts taken by the defendants violate the Fifth Amendment. In fact the court, Judge Gettleman has not done anything to uphold any constitutional right or equal protection of the Plaintiff. "Why?"

## RELIEF

The Plaintiff has been explicit in all of his statements, and his allegations are true; but the court's decisions are gratuitous and exparte viewing only on behalf of the Defendant's as an protector and or covering of a political injustice effort to not allow an convicted innocent man whom is by right of the constitution be given his chance to prove his allegations in a court of Law, in front of a jury. Therefore the Plaintiff request the following;

1.) the decision of the court to dismiss be vacated removing

Page 5 of 7

## RELIEF (continued)

all strikes, and denova:

2.) The right to be represented by counsel of choice. Id @ 70, 62 SCt 464. See Bland V. California Department of Corrections, 20 F3d 1469 (9th Cir. 1994). The Plaintiff is Pro se forma Pauperis and is unable to pay for an attorney and respectfully request Pro Bono:

3.) If the court deny the Plaintiff a chance to be represented by counsel, Pro Bono, Free from politic's and prejudice, to amend all that needs so amending required by this court, and not give him a right to be heard before a jury that will uphold the Laws, will be ridiculous and rest upon absurdity and miscarriage of justice, turning a blind eye to crimes and the corrupted individuals seated with power to break the laws continually! If the court turn a blind eye to the defendant's committing these crimes against the Plaintiff, and so many others this court will be sending another signal green light to continue against the Plaintiff and retaliate as seeing fit. The defendant's are very much aware of the Plaintiff's allegations, and know that they all are true, and willingly and knowingly allow, with cooperating with all accused, sending orders to stop the Plaintiff as well. "<u>Each defendant must take the stand in the court and give testimony and prove that they played no part in these attacks in any form under oath</u>". "The government has a special responsibility to ensure the integrity of the criminal judicial proeess by living up to the code of professional ethics and fair play at all times." See US V. White, 222 F3d 363 (7th Cir. 2000). "<u>Dismissal is harsh penalty and, therefore, should only be imposed in extreme circumstances</u>". See Hernandez V. City of El Monte, 138 F3d 393 (9th Cir. 1998.)! "Each defendant has violated state laws of Official Misconduct, 720 ILCS 5/33-3 (a) and (b):

Page 6 of 7

## RELIEF (continued)

The Plaintiff must also show the court current retalitory attacks taking place by a security guard, Ira S. Jack and others is added in an affidavit statement attached to this Certificate of Appeal. "Also, the defendant, Rod R. Blagojevich and those whom the governor has assigned to stop the Plaintiff's efforts in, proving his innocence through the attempt to file a request for clemency through the mail system of IDOC. The Plaintiff received a respond and was informed it needed to be typewritten, and after doing so, with added evidence, the Plaintiff, on Jan. 25, 2008 mailed to all required, and typewritten, clearly printed typed as in this certificate of appeal." As of today's date, there has been no confirmation reply letter as was done in the first mailing from the governor, PRB nor the Prosecutor's office, and Public Defenders office. The Plaintiff has no other understanding of why not, only falls on retaliation since other inmates mailed theirs out in and around the same time received a confirmation letter from the governor that their clemency request is being processed." It is very clear why. Who's in fault, PRB, or IDOC's mail system? Or all of the above!! I request the dismissal be set aside, overturn, and the Plaintiff's request of Law, and financial monies paid fully.

5.) Finally, the Plaintiff must point out that the court's duty is to direct proper assistance in filing the complaint before him, setting correct constitutional standards." Party's failure to cite relevant authority, or discuss relevant legal principles, does not relieve the court of it's duty to apply to correct legal standard." See Bateman V. US Postal Service, 231 F3d 1220 (9th Cir. 2000.).

Therefore, Plaintiff asserts to believe he is entitled to an appellate redress and makes a good faith effort herein Certificate of Appeal.

Subscribed and Sworn To Before Me
This 6th Day of _____, 2008

NOTARY PUBLIC

OFFICIAL SEAL
CHALENE A WHITLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/03/09

Respectfully Submitted
Herald Cunningham
PLAINTIFF

Page 7 of 7

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2700 | DATE | 5/15/2008 |
| CASE TITLE | Gerald Cunningham (#B-39888) vs. Rod Blagojevich, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly violated the plaintiff's constitutional rights. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Governor of the State of Illinois, the Illinois Attorney General, the Director of the Illinois Department of Corrections, and the Director of the Illinois State Police, have violated the plaintiff's constitutional rights by failing to investigate or punish correctional employees who have allegedly committed crimes against the plaintiff.

    The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.67 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

**STATEMENT (continued)**

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the court finds that the complaint fails to state a claim as a matter of law.

The plaintiff maintains that because he has reported "corruption" and "high caliber crimes" [such as mail tampering, assaults on the plaintiff, and altering his medical records] to the state governor and to the Director of the Department of Corrections, those defendants have sent employees to attack the plaintiff and steal his documentary evidence. The plaintiff additionally complains that correctional officers are permitted to smoke, but not inmates. The Director of the Illinois State Police has allegedly ignored letters from the plaintiff requesting assistance. Staff members at the Pinckneyville Correctional Center have harassed the plaintiff and retaliated against him for seeking outside help. Like the police, the Attorney General has refused to take action against IDOC employees.

The plaintiff previously filed suit against Attorney General Lisa Madigan raising the same basic claims. *See Cunningham v. Madigan*, Case No. 06 C 4378 (N.D. Ill.). This court dismissed that complaint by Minute Order of September 6, 2006 (Gettleman, J.). Again, the Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Neither the Attorney General nor the Illinois state police can be held liable under 42 U.S.C. § 1983 for failing to investigate or bring charges relating to the plaintiff's claims of wrongdoing.

The complaint likewise fails to state a cause of action against defendant Blagojevich. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The governor cannot be held personally liable for problems associated with the conditions of the plaintiff's confinement.

A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See, e.g., Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). But here, the plaintiff's own exhibits defeat any claim against the IDOC's director, who has investigated the plaintiff's numerous grievances concerning alleged wrongdoing but has been unable to substantiate the plaintiff's allegations.

(CONTINUED)

## STATEMENT (continued)

Finally, having reviewed the complaint and accompanying exhibits, the court concludes that the petition is legally and factually frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

For all of the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly personally and directly retaliated against the plaintiff or otherwise violated his constitutional rights. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08cv2700

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Gerald Cunningham (appellant) | | Rod Blagojevich (appellee) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Gerald Cunningham | Name | N/A |
| Firm | PRO SE | Firm | |
| Address | Pinckneyville-PCC<br>P.O. Box 999<br>Pinckneyville, IL 62274 | Address | |
| Phone | n/a | Phone | |

| Other Information | | | |
|---|---|---|---|
| District Judge | Gettleman | Date Filed in District Court | 5/15/08 |
| Court Reporter | J. Costales (ext 7626) | Date of Judgment | 5/16/08 |
| Nature of Suit Code | 555 | Date of Notice of Appeal | 6/11/08 |

COUNSEL: Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS: Paid [ ]   Due [ ]   IFP [X]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2700 | **DATE** | 5/15/2008 |
| **CASE TITLE** | Gerald Cunningham (#B-39888) vs. Rod Blagojevich, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly violated the plaintiff's constitutional rights. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**                                                                Docketing to mail notices.

### STATEMENT

     The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Governor of the State of Illinois, the Illinois Attorney General, the Director of the Illinois Department of Corrections, and the Director of the Illinois State Police, have violated the plaintiff's constitutional rights by failing to investigate or punish correctional employees who have allegedly committed crimes against the plaintiff.

     The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.67 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District
**(CONTINUED)**

mjm

## STATEMENT (continued)

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the court finds that the complaint fails to state a claim as a matter of law.

The plaintiff maintains that because he has reported "corruption" and "high caliber crimes" [such as mail tampering, assaults on the plaintiff, and altering his medical records] to the state governor and to the Director of the Department of Corrections, those defendants have sent employees to attack the plaintiff and steal his documentary evidence. The plaintiff additionally complains that correctional officers are permitted to smoke, but not inmates. The Director of the Illinois State Police has allegedly ignored letters from the plaintiff requesting assistance. Staff members at the Pinckneyville Correctional Center have harassed the plaintiff and retaliated against him for seeking outside help. Like the police, the Attorney General has refused to take action against IDOC employees.

The plaintiff previously filed suit against Attorney General Lisa Madigan raising the same basic claims. *See Cunningham v. Madigan*, Case No. 06 C 4378 (N.D. Ill.). This court dismissed that complaint by Minute Order of September 6, 2006 (Gettleman, J.). Again, the Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Neither the Attorney General nor the Illinois state police can be held liable under 42 U.S.C. § 1983 for failing to investigate or bring charges relating to the plaintiff's claims of wrongdoing.

The complaint likewise fails to state a cause of action against defendant Blagojevich. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). The governor cannot be held personally liable for problems associated with the conditions of the plaintiff's confinement.

A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See, e.g., Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). But here, the plaintiff's own exhibits defeat any claim against the IDOC's director, who has investigated the plaintiff's numerous grievances concerning alleged wrongdoing but has been unable to substantiate the plaintiff's allegations.

**(CONTINUED)**

**STATEMENT (continued)**

Finally, having reviewed the complaint and accompanying exhibits, the court concludes that the petition is legally and factually frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

For all of the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly personally and directly retaliated against the plaintiff or otherwise violated his constitutional rights. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08−cv−02700
*Internal Use Only*

| | |
|---|---|
| Cunningham v. Blagojevich et al<br>Assigned to: Honorable Robert W. Gettleman<br>Cause: 42:1983 Prisoner Civil Rights | Date Filed: 05/15/2008<br>Date Terminated: 05/15/2008<br>Jury Demand: Plaintiff<br>Nature of Suit: 555 Civil Rights (Prison Condition)<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Gerald Cunningham** | represented by | **Gerald Cunningham**<br>B−39888<br>Pinckneyville − PCC<br>P.O. Box 999<br>Pinckneyville, IL 62274<br>PRO SE |

V.

**Defendant**

**Rod R Blagojevich**

**Defendant**

**Roger E Walker**

**Defendant**

**Larry Trent**

**Defendant**

**Lisa Murry Madigan**

| | | |
|---|---|---|
| **Service List** | represented by | **Illinois Department of Corrections**<br>100 West Randolph, Suite 4−200<br>Chicago, IL 60601<br>*ATTORNEY TO BE NOTICED*<br><br>**Notices to Prisoner Correspondence**<br>.<br>Email: Prison1_ILND@ilnd.uscourts.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2008 | 1 | RECEIVED Complaint and 4 copies by Gerald Cunningham. (tlm) (Poor Quality Original−Paper Document on File) (Entered: 05/12/2008) |
| 05/08/2008 | 2 | CIVIL Cover Sheet. (tlm) (Entered: 05/12/2008) |
| 05/08/2008 | 3 | APPLICATION by Plaintiff Gerald Cunningham for leave to proceed in forma pauperis and financial affidavit. (tlm) (Entered: 05/12/2008) |
| 05/08/2008 | 4 | POST MARKED envelope for initiating document by Gerald Cunningham (Document not scanned) (aew, ) (Entered: 05/13/2008) |
| 05/15/2008 | 5 | MINUTE entry before the Honorable Robert W. Gettleman: The plaintiff's motion for leave to file in forma pauperis #3 is granted. However, the complaint is dismissed |

| | | |
|---|---|---|
| | | pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Dismissal is without prejudice to filing suit in the U.S. District Court for the Southern District of Illinois against any individual Pinckneyville correctional officers who have allegedly violated the plaintiff's constitutional rights. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). [For further details see text below.] Civil case terminated. Mailed notice (hp, ) (Entered: 05/16/2008) |
| 05/16/2008 | | MAILED to the trust fund officer at the Pinckneyville Correctional Center copy of minute order dated 05/15/2008. (hp, ) (Entered: 05/16/2008) |
| 06/11/2008 | 6 | POST MARKED envelope for notice of appeal by Gerald Cunningham (Document not scanned) (aew, ) (Entered: 06/12/2008) |
| 06/11/2008 | 7 | NOTICE of appeal by Gerald Cunningham regarding orders 5 ifp granted; Notice. (air, ) (Entered: 06/13/2008) |
| 06/11/2008 | 8 | MOTION by Plaintiff Gerald Cunningham to appoint counsel. (air, ) (Entered: 06/13/2008) |